19-3105 Judge Holmes and may it please the court. My name is Dan Hansmeyer. I'm with the Kansas federal defender and I am here on behalf of Jason McKinney. The district court aired in this case when it held that Mr. McKinney was ineligible for relief under the First Step Act solely because his At pages 26 and 28 of its brief, the government concedes that Mr. McKinney's statutory penalty range has been reduced. And at page 13 of its brief, the government states, quote, the First Step Act applies to the defendant because his offense involved crack cocaine and he was sentenced before August 3, 2010. We agree. The government's concession is consistent with published decisions from four other circuits, the 4th, 5th, 6th, and 8th, who have reversed decisions analogous to the district court's erroneous decision below. This court should do the same in this case. Absent the government's concession, you would concern me a little bit how this comes before us. Because it seems to me that you didn't give the district court a lot of help below. There is, the district court alluded to in its order that no one had referenced what impact statutorily the First Step Act would have. And I think in fact they're dealing with arguments that in some ways you're abandoning here. They alluded to 3582, I guess it is, and the reference to the notion that what we have here is not, it doesn't matter if you get a, if your guidelines are reduced. Well, that's not what you, but now all of a sudden the district court is making this big error because they focused on the guidelines and they didn't focus on the statute. So, great, thank goodness for concessions because you put the district court in a fairly difficult situation by the way that you briefed this thing. You didn't make this coverage argument. There's nowhere in your brief that you made a coverage argument. You just launched into this other thing, right? I think it was implied. Oh, implied. And the government's pleadings do below state that he was eligible. And that is, I think it's page 277 in the record. Yeah, 277, the government states, in this case there is no dispute between the parties that the defendant's conviction is a covered offense. And that if applied today, the base offense level in this matter would be reduced accordingly. So, there was, I agree with you that it was frustrating that nobody said the statutory range went from 20 to 10. That's frustrating to me. I'm sure depending on how this gets framed when we write it, it would be frustrating to the district court to know that somehow it made a mistake when it was not given a framing of the argument by the proponent of the argument so that it would know what steps would be at play here. I think to sort of understand the way the, and I didn't do the briefing below, but I think to sort of understand it, you have to sort of put yourself in the time frame of when this happened. And there, this was at a point when the government was making this 3582C2 argument that was confusing everyone. Nobody thinks that argument was correct today. And so, I think the way these things typically work in our district is that we have an attorney and two attorneys sit down and come up with agreements in most of these cases. And when they don't agree, there's briefing. And I think the briefing sort of just started at a point where the parties were in their heads and not where the, you know, but I do agree. I don't want to eat your valuable time. I just wanted to make it clear the district court wasn't, well, wasn't doing something really wacky here by the way it proceeded in light of the briefing that it had before it. That's a different question than the error question. It is. Okay. All right. I do think the error is still fairly obvious based on the text. So, I guess I want, so, assuming, you know, I do think with the other circuit to have come down on this, the government's concession, we're good on eligibility. Turning to harmlessness, so we think the harmlessness on essentially two overarching reasons. First, it is the government's burden to prove harmless error and it's briefing on this point is too perfunctory to merit this court's consideration. And second, even if this court considers the government's harmless error argument, the district court's one sentence alternative finding involves the same error the district court made in its eligibility determination. The district court denied the motion for one reason, quote, because Mr. McKinney's guidelines range has not changed. Now, so, the principle of law that we're relying on is that when a district court is required to make a discretionary ruling that is subject to appellate review, this court has to satisfy itself before it can conclude that the judge did not abuse its discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise. So, for three reasons all rooted in the text of the First Step Act, the district court did not do that here. First, the First Step Act has nothing to do with the guidelines. Section 404A of the First Step Act made retroactive the statutory penalties amended by the Fair Sentencing Act, not the guidelines amendments. Indeed, those guidelines amendments were made retroactive in November 2011. Because the First Step Act deals in statutory penalties and not guidelines ranges, the guidelines range is insufficient. Second, Section 404C of the First Step Act sets forth limitations to relieve, and an unchanged guidelines range is simply not a limitation under the First Step Act's plain terms. Is this your eligibility argument or is this the discretion argument? I think they're sort of wedded together, but, I mean, this is the discretion, and that's because the reason is the same. Well, the reason is the same, but the limitations issue doesn't play out here. I mean, what plays, it would seem to me anyway, what plays here is whether the guidelines can be the determinative factor in exercising discretion. Isn't that right? But, here's where I'm going with Section 404C. That section directs district courts to conduct a complete merits review. And a complete merits review must mean more than simply looking to the guidelines range in any given case. Okay. A complete merits review requires the district court to consider the 3553A factors, which would include any post-sentencing conduct. And the government has conceded that point as well on page 16 of its brief. The government states courts are free to assess the ordinary considerations pertinent to sentencing in deciding whether to reduce a sentence. These considerations are set forth in Section 3553A. In addition, the court may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence. We agree, the guidelines range is one factor, but it is not the only factor. And I think it is important that courts consider the guidelines range under Section 3553, that is Section 3553A.4. That is the provision that instructs district courts to consider the guidelines range. And so to conduct a complete merits review can't simply mean to just consider one of the various 3553A factors. Third, Congress used the phrase impose a reduced sentence in Section 404B of the First Step Act to describe what a district court should do when resentencing a defendant under the First Step Act. That terminology also signals a holistic review, not one limited solely to the defendant's guidelines range. And I'll give you three reasons why I think that's right. The first is the consistent usage canon. Within Section 404B, Congress also used the phrase impose a sentence to refer to the prior sentence. And there, clearly, Congress would have understood impose a sentence to have included a review of the 3553A factors. This court should not give impose a sentence a different reading within the same subsection of the First Step Act. Second, when you look throughout the United States Code, when Congress uses the phrase impose and sentence, it uses that phrase to refer to a sentencing proceeding. And third, this language, impose a reduced sentence, is broader than language used in other provisions, particularly 3582. 3582C1A and C2 use the verb reduce. Reduce the term of imprisonment. 35C1B uses the verb modify. And that's why we happen to now drop using C1B as a basis to proceed forward. Isn't that right? I don't, you know. A little footnote where you said that, right? The, why we ever went there is beyond me. And I think it had to do because the government went to C2. The government tried to argue that these were limited sentencing proceedings under C2. And I think criminal defense attorneys just started saying, well, no, it's C1B as an alternative. But you're not relying on C1B now. No. And on that point, and I want, so there was an argument on Tuesday, a First Step Act argument, where the attorney for the defendant conceded that these fall under 3582. I violently disagree with that. I mean, that is just wrong. I'll take the violently adverb. I get it. All right. And I can give you four, if I can, just give you four reasons for that. So Section 404C of the First Step Act says motions are authorized under this reference to 3582C1B. Congress did not codify this provision in 3582. It is codified as a statutory note to 21 U.S.C. 841. And the First Step Act did not use the verb modify. It used the verb impose. So this C1B business, I think, is wrong. And I hope that the court does not adopt. Do you have a question, Judge Holmes? Well, I had sort of conceptually, I want to make sure I understand how this case fits together. As I see it, although there were two issues, I see it sort of breaking out actually as sort of three issues. One, is the defendant a covered person? Yes. Is it implicated? Two, if it is, and it affects his, it affects the statutory structure, so he's a covered person. Two, well, is the guidelines the sole determinant of the exercise of discretion that the court would have in this sentencing proceeding that will take place? Two. Three, if the answer to that is no, then what would the court then use? The 3553A factors would be your argument. And that, at least for current purposes, you've taken off the table an argument about plenary sentencing. So you're just saying that 3553A, including A4, would be on the table. So those are the three things we're talking about, right? Yes, but I honestly don't even want to talk about three. We haven't asked for a specific remedy. We haven't asked for the, I mean, we think that this court should just sit it back. Well, you've asked for the court to apply 3553A, which is a remedy that you want. Yes, that is what we are asking for a remand to consider at a minimum of 3553A. You're not asking for micromanaging of what that proceeding will look like. Exactly. That is exactly right. And with that, I will, if I may, reserve the remainder of my time. Thank you. Good morning, Your Honors. Brian Clark, I'm an Assistant United States Attorney in the District of Kansas. I represent the United States. May it please the Court, I'd like to pick up on the framework that you just provided, Judge Holmes, and start with eligibility. Even in the district court, the government agreed that Mr. McKinney was eligible for a reduced sentence under the First Step Act. So that hasn't been an issue. The question in the district court, and I think part of the confusion that arises from this case, is how, as you mentioned, the motion was framed in the district court as requesting almost exclusively a plenary resentencing. And so that's what the arguments were about in the district court. Mr. McKinney requested plenary resentencing. The government said, no, the First Step Act doesn't authorize plenary resentencing. And what the district court said was, government, you're right. The First Step Act does not authorize plenary resentencing. And so I'm going to deny that request by Mr. McKinney. But having read all of these cases, it's clear to me that I have discretion to decide whether to give Mr. McKinney a reduction of his sentence, just in my discretion. And there are a number of cases that the district court relied on where it found the defendant to be eligible, found no plenary resentencing available, but then went ahead and reduced the sentence. And so that last- I'm sorry, Mr. Clark. If I may, let me use that framework. Because I want to make sure if we do nothing else, I understand your response to this. Correct. It seems to me using those three, that three-structural thing that I set up, that you have conceded every one of those. I mean, the only thing that you have taken off the table, and he's now not arguing, is plenary resentencing. One, is he covered? Yes. As a- reading your briefs, you conceded that. Two, is the Guidelines A-4 the only thing the court can consider in a resentencing proceeding? You conceded that. Can the court consider 3553A, including post-sentencing conduct? Yes, you've conceded that. All three are conceded. If that is true, the only thing that is off the table, is the thing that he is not, not now asking for. Where am I missing that? Because if that's true, and I commend candor, that's all good. But if that's true, then for purposes of this case, there really is not much for us to do but to remand for the court to implement that mission. Sure. So I think I have three responses. Okay. The first is that I just want to make sure that Mr. McKinney has in fact abandoned his request for plenary resentencing. Because if you look at pages 30- He was as clear as a bell. I know that. He doesn't want to use the word plenary resentencing. I understand that. But if you look at page 30 and 31 of his brief, he says that the word imposed, combined with the word sentence, requires a district court to conduct a, quote, actual sentencing hearing where it considers 3553A factors, among other things. Are you talking about his opening brief? Opening brief. In his reply brief, you know, maybe I'm missing it, but he seemed clear as a bell that I'm not arguing that. And I would be perfectly happy with that. I just want to make sure that we're clear that we're not getting confused by using terms. Because I understand that he said that he's abandoning his request for plenary resentencing. But it seems to me that he's still asking for, in that proceeding on remand that he wants, wants the court to consider more than what the First Step Act actually authorizes. Okay. And let me understand that. You're right to have some caution on that. But let me understand this. Particularly since the word plenary resentencing can mean multiple things. Right. Okay. What I just understood him to say is that if this disposition was written in a way that said, court vacate remand for you to conduct a proceeding using the 3553A factors as the range of your discretion. Period. It seems to me at that juncture, the question of whether it means anything else is going to be hashed out below. Sure. Now, does that sound like a reasonable disposition to you? With one caveat and slight edit to that disposition line. I welcome edits. Go ahead. The government's position is that the district court is free to consider the section 3553A factors. Not that it's required to do so. Whoa, whoa, whoa. That's not my understanding of what your concession was. Your concession was the court can consider 3553A factors. That's different than taking a premise that, well, you weren't wrong, court, to consider only the guidelines. But you can consider the 3553A factors, too. That's not what I understood you to say. And if you have language in there that says that, I want to see it. Because that's not what I understood your concession is. So it's my understanding that Mr. Hansmeier's reference to our concession on that point is the language in our brief that says district courts are free to consider section 3553A factors. They are not bound to, you said? Correct. That's our position. And then what is the legal definition of their discretion? How is that discretion defined, then, if they are not bound to consider 3553A factors? Because if that's your position, then you also would be taking the position the court did not necessarily err by only considering A4 guidelines. Do you believe that? I think that's correct. And I also think that it's not entirely clear from the district court's decision that that is the only thing that the district court considered. Because what else did it consider? It's one line. And it said, well, as guidelines haven't changed, you lose. That's correct. And so under this court's decision, for example, in Verdin-Garcia and in Quarry, both of those cases, the district court had its eye on and cited. This court has said that it sets a very low bar in terms of what a district court has to say in terms of explaining its reasons for imposing a sentence. Under Rita, a district court only has to provide a reasoned basis for exercising its discretion. You're absolutely right. But that's a question of articulation. Correct. The point would be we could say, the holding could say, you are obliged to consider 3553A. That doesn't mean the court has to go A1, A2, A3, A4. The point would be it is obliged to consider, consider being the word. So that's a question of what you've got to say. It's not a question of what your obligation is. What I hear you saying now is you don't think the court would have an obligation to consider all of those factors. That's correct. And Mr. McKinney gives two reasons for why he thinks the district court is obliged to consider those factors. The first is the word imposed. And respectfully, he just puts far too much weight on that word imposed. A good example is the U.S. Supreme Court's decision in Dillon. In Dillon, the Supreme Court was considering the scope of resentencing authorized by Section 3582C2. Using modification in language that's not at play here, right? Well, they've abandoned that language, strategically so. But he abandoned the 3582C1B or B1 reference. That's correct. But I don't think he should be, quite honestly, allowed to abandon that at this point because he relied on that in the district court. The district court relied on the language in C1B. He said the motion was brought under C1B. And so now, on appeal, to come back and pull the rug out from under the district court in that way and completely change the framing of the case, I think, just is too late at this point. But in any event, I'd like to respond. I actually think that you can't look at the First Step Act outside the context of 3582C. Because 3582C, the general rule is that no court is allowed to modify a final sentence. That's it, except for unless certain exceptions apply. 3582C1B is the exception that says, if a different statute authorizes a modification of a sentence, then that's permitted. So the only way you get to Section 404 of the First Step Act is through 3582C. And the only way that the First Step Act doesn't create a conflict with 3582C is if you read it through the lens or you see it as 3582C1B as providing the vehicle. Well, I'm going to have to go back and read your brief. Because this is a lot more complicated than I understood to be your position below, I mean, in your brief. If you're saying that the court is free to consider 3553A factors, but is not required to. And part of the reason that it is not required to is by reference to the analogy found in the 3582 context. OK, well, on that point, what would be your position for why the court would be free to consider 3553A factors? I mean, we just can't make that up. I mean, if we don't accept the alternative that they're bound to, why are they even free to? Because the district court has broad discretion. In Section 404B of the First Step Act, Congress said courts may impose a reduced sentence. That invokes broad discretion. And then, again, in Section 404C of the First Step Act, Congress reiterated nothing in this section, 404, shall be construed as requiring a court to reduce a sentence under this section. And so district courts have very broad discretion in deciding whether to reduce a sentence for a person who is even eligible. So it's still your position, then, it would be your position that the vehicle through which one adjudicates this proceeding would be 3582C1B, right? Correct. OK. And therefore, the proceeding that would take place would be one in which the court was free but not required to consider the 3553A factors? Correct. OK. Well, if that is the position, then is it, in fact, the case that the court erred at all? I mean, in other words, under your position, the court did what it was permitted to do, which was to, well, assuming there was error on the question of authority, OK? Then your position of harmless error would be, OK, well, the court said, even if I'm authorized to do it, because the guidelines haven't changed, I'm not giving him relief. You're saying the court could have looked at more, but it didn't. And so there's no error. Am I understanding correctly? Again, one slight modification is that I think that we have to view that one sentence, granted it is one sentence, but that one sentence at the end of the district court's decision in light of the entire decision. And that's how this court has done it, again, in those cases that determine whether the district court has offered sufficient explanation. To what end are we doing that? To the end of deferring to the district court in terms of what it is allowed to consider. Now, I agree that in the decision— Because what I'm asking you is, at the end of the day, I had essentially thought that all over but the shouting in terms of your brief essentially conceding this goes back. I don't hear that now. I hear you essentially saying, no, it doesn't go back, because—resting essentially on the harmless error argument that the court was not bound to consider 3553A. It could have, but it wasn't bound to. And so when it said, assuming our UNO, I have authority, then I'm going to render this decision which it was entitled to do because of the 3582 limitation. Right. Is that what you're saying? And give me any of it you want now because I'm going to go back and look at this juxtaposed to your brief. Right. And I take the point, and I think you're absolutely correct, that the complexity of the issues involved in this case are not as fully fleshed out in the briefs on both sides as they probably should have been. And with respect to a remand, the government would not be opposed to a remand, but we would ask the court in any language remanding the case not to require the district court to consider anything in particular because Section 404 of the First Step Act doesn't. If the court were to say something along the lines of, it appears that you only considered the guidelines, please give us further explanation for your decision, or please, you know. But counsel, I'm sorry, what ground would we have under your argument for doing that? So that's where. I really, that's the part I don't understand. I mean, you actually think we should affirm based on this record. I think you could, but I'm also recognizing that it's not absolutely clear. And I want to be perfectly candid with the court on that. It's not entirely clear. So one of the cases that was cited in supplemental authority, I think, took a position that at least could speak to what you're talking about. Yes. I'm not saying I'm buying it. Right. But could speak to what you're talking about, which was essentially that it is unclear in rendering your decision whether you knew you could have looked at anything else. Not that you, so it doesn't get to the question whether you're obliged to. It's not clear that you knew you could have considered any other 3553A factors. Therefore, we're not reversing, really. We're vacating for you to go back to have a proceeding in which you essentially explain what you thought the scope of your discretion was and then act on the scope of your discretion. Right. And I believe that's the Hardwick case. Yeah. And the government would have no problem with an outcome along those lines. Because, again, I think some of the issues that we're talking about now aren't fully fleshed out in the briefs. Perhaps they are. They aren't, and that's unfortunate. But yeah. I agree and apologize for that. And so it may be that the preferred and maybe even the best approach is to remand to the district court along those lines. It's not clear that you understood that you could consider these factors. We're not saying that you have to, but we're just going to give it back to you to take another look at it. But again, the government would urge this court not to tie the district court's hands or require it to consider anything that's not explicitly in the text of Section 404 of the First Step Act. Briefly, I've got 14 seconds left to get to the other ground that Mr. McKinney says would require the district court to consider the 3553A factors, which is the language in Section 404C where it requires courts to do a complete review of the merits. Merits review, yeah. Right. Well, so that language is a little bit tricky. It doesn't say complete merits review. It says a complete review of the motion on the merits. And if you go back and take a look at what the motion was, the district courts definitely did a complete merits review of the motion. The problem is now on appeal, Mr. McKinney is raising all kinds of other issues that just weren't in the motion that he'd like the district court to consider. And so that's a bit of a rub, too. So, again, it may be that the better approach would be a remand along the lines of what you mentioned, Judge Holmes, with the caveat that the government thinks that it shouldn't provide any additional direction or tie the hands of the district court in terms of what it has to consider. Okay. So just to be clear, I know we're going over, but I'm going to give you time to respond, but just to be clear. Yes. Disposition with, and I'm going to listen for your edits, disposition would be essentially vacate. It's clear, and, I mean, we could make clear that there was coverage. That's, you conceded that, right? He's covered. Correct. He's eligible. Okay. He's eligible. Yes. Okay. So if there's any confusion about that, he's eligible. He's eligible. Correct. All right. Vacate because what we have is an alternative holding in which the court exercises discretion, but we are not clear what the court viewed to be the bounds of its discretion, whether it considered itself to be bound by 355, well, could consider the full range of 3553A and post-sentencing conduct or not, period. And at that juncture, we also are not going to be opining on whether you were obliged to consider the 3553A factors. That would be an issue that would have to be hashed out below and addressed then, but would be simply saying we don't know whether you thought you could consider these and we don't know what you thought to be the boundaries of your discretion. Therefore, we want to hear from you in the first instance on that. I think, yes, as long as the court makes clear that it's not saying the district court is required to consider the 3553A factors. Well, we may do that, but if we don't do that, I mean, I know, right now, I'm just focusing on what you found to be an agreeable disposition. Right. In that one, we would not opine on that issue. Right.  And the only other caveat I would add is just to make clear. Well, you're a real editor, aren't you? Well, just to make clear because, again, to add back to my original concern is that it seems to me that what Mr. McKinney asked for in the district court originally is really what he wants, and he's abandoned that on appeal, but isn't willing to say that on remand, he's not going to ask to try to sort of unwind the leader-organizer finding. He's not going to try to do all of that. No, no, no, no. If this goes back, it goes back to the court to hash out all of those issues. Okay. Because it's not clear right now where we would stand. And that would be fine. All right. Thank you. Thank you for your patience and the extra time. I appreciate it. Thank you. And if you'll be kind to me and if you'll add two more minutes, and we'll see if that will be sufficient to whatever he had, let's start with what he deemed to be a government council deemed to be an acceptable resolution here. And I want to hear your reaction to that so that I'll know where we are. Well, I don't know that I understood it, to be honest with you. Well, I'll give it to you. Okay. What it is is there will be a finding that says, yes, Mr. McKinney is eligible for relief. Correct. There will be a vacating, and the vacating will be along the lines pretty much of your hard work decision, which will essentially say we don't know, based upon this ruling, what the court deemed to be the appropriate boundaries of its discretion in making this determination. Therefore, we were manned for the court in the first instance to make that determination, because I've looked at the authorities, a lot of which are not in your briefs, about what courts have done on 3553 and 3A and what they've considered. So there are issues to be briefed here. And we would leave that for that to be done below. Yes. I think that's exactly what we've asked for in our briefing for this court. And we would not be saying anything about whether the court's obliged to consider 35538 factors, to be clear. But what we would be saying is the court would be the articulator, the explainer, in the first instance of what it deemed to be the appropriate boundaries of its discretion, and you can litigate what you deem to be those appropriate boundaries. Correct. Can I make a suggestion, and that is that this court rely on the text of the First Step Act, and that's what we've relied on, that this court remain for a complete review of the motion on the merits, and let's just stick to the text. And I think the government is up here trying to rewrite the statute. The government was up here for 18 minutes and never said anything about the text of the First Step Act. Well, let's be fair about this. Up until your brief, your reply brief, I believe it is, you did not give up 3582C1B, and that predicate, that is the predicate for this argument that the First Step Act is tied to this vehicle for modification. It may have been in your opening brief, but I think it was in your reply brief is the first time you gave it up, right? No, not at all. I don't think that's true. Did you eschew the 3582C1B? Where did you do that below? That's in a footnote in the opening brief. All right, fine, in your opening brief. But the point is we're here based upon a characterization, a carving of an argument that didn't exist below. I mean, to the extent, I don't know that that's true because, I mean, at page 290 of our briefing below, we asked the court to conduct a complete review of the motion on the merits. We asked the court to consider the 3553A factors. I can chop your language up and get there, but you did not articulate in any way the full-throated argument you've made now in the alternative to consider 3553A, and everything was driven through the vehicle of 3582C1B. You admit that, right? That we did cite that statute as well as the first one. All right, well, part of your argument to get a broader consideration is predicated on the notion that we are not bound to, but that there is no impose, that the First Step Act uses impose, and 3582C1B doesn't use impose. That's part of your argument, right? I mean, the argument is the text. Whether you want to say we argued it below or not, it is the text. If it's that simple, then why are we waiting to the opening brief and a footnote to give it up? So it's obviously not that simple, right? I actually think it is that simple. Well, as you point out, some defense lawyer in another case didn't take that position, so it's not that simple. The point I'm making is, in this disposition that we're talking about, why can't those issues be left for you to argue about? They can't. All right. I was just offering a suggestion that this Court stick with the text of the statute. That was it. I have one minute left, and I think this is important, and I want to get it out, because this case does not involve an individual who is sentenced at a mandatory minimum, and I think this is a good way of thinking about why the government and why it keeps going to 3582C, why it's wrong. Because if you have an individual who was sentenced prior to the Fair Sentencing Act to a mandatory minimum, whose guidelines range was below that, the district court would have had to impose that mandatory minimum without considering anything. It wouldn't have been able to consider the 3553A factors. So I think that is a good example of why, when you interpret this statute, Congress would have had to have meant for courts to consider those factors, because there is a bucket of defendants who did not get that consideration when they were initially sentenced. And with that, we would ask this Court to vacate and remand. Thank you. Thank you. Thank you, counsel, for your arguments.